IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

THELMA WILLIAMS, JR.                                                              PLAINTIFF
ADC #093197

V.                              NO. 5:07cv00178 WRW-JWC

JAMES GIBSON, et al                                                              DEFENDANTS

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**Instructions**

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR  72201-3325

## Recommended Disposition

On July 13, 2007, Plaintiff, a male pro se inmate currently confined to the Varner Supermax Unit of the Arkansas Department of Correction, filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1).  Plaintiff submitted the proper financial information in compliance with § 1915(a)'s requirements; accordingly, in forma pauperis status was granted (docket entry #4).

### I.  Background

Plaintiff challenges the issuance of a May 2007 disciplinary he received for indecent exposure.  He alleges that Defendants violated his constitutional rights when they failed to properly investigate and to reverse the disciplinary decision.  He also makes general complaints that he had to "write up" Defendant Stevenson for failing to assist him in the law library, and that he sent Defendant Compton his grievance appeals but has "not he[a]rd from them" so he can come to court.  Contrarily, he goes on to state that Defendant

Compton has helped him. As relief, Plaintiff requests that the disciplinary be expunged from his record, replacement in general population, and $150,000 in damages.

After granting Plaintiff in forma pauperis status (docket entry #4), he was notified that should his case be subsequently dismissed on the grounds that it is: 1) frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief, there would be no provision for a refund of any portion of his filing fee. Id. § 1915A.

## II. Standard

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. Id. § 1915A(a). A federal court must dismiss a prisoner's complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b). Moreover, this Court may sua sponte dismiss a complaint filed in forma pauperis at any time if it determines that the action fails to state a claim upon which relief can be granted. Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

Dismissal for failure to state a claim is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992). In addition, pro

se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." Haines, 404 U.S. at 520-21.

### III.  Analysis

**A.      Habeas Corpus**

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court delineated what constitutes a habeas action as opposed to a § 1983 claim. The essence of habeas corpus is an attack by a person in custody upon the legality of that custody. Id. at 484. The label a prisoner gives to his suit is not controlling. Id. at 489-90. Therefore, if Plaintiff is in effect challenging the length of his incarceration, then his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, rather than a civil rights complaint pursuant to § 1983. Id. at 499. State prisoners are required to exhaust their available state court remedies before bringing federal habeas corpus claims. 28 U.S.C. § 2254(b) & (c). A claim is considered exhausted "when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

The essence of Plaintiff's complaint is an attack on the validity of the May 2007 disciplinary he received. The fact that he has labeled this a § 1983 action is not controlling. The type of claim Plaintiff has raised, if proven, would necessarily invalidate the disciplinary result and would affect the term of his sentence; therefore, to the extent Plaintiff challenges the specific length of his incarceration, his claims are not cognizable here. Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (court must look to substance of relief sought to determine if action is § 1983 suit or habeas corpus action; prisoner's labeling of suit is not controlling); Wilson v. Lockhart, 949 F.2d 1051, 1051-52 (8th Cir. 1991) (challenge

which would result, if successful, only in earlier eligibility for parole and not necessarily earlier release, should nonetheless be brought as habeas petition). Furthermore, the Court should decline to consider this case on the merits as a § 2254 habeas petition because it is apparent from the face of the complaint that Plaintiff has not claimed--much less proven--that he has exhausted his available state court remedies; therefore, dismissal without prejudice is appropriate. 28 U.S.C. § 2254(b)(1)(A) (court shall not grant writ of habeas corpus unless applicant has exhausted remedies available in state court system); Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998) (§ 2254 petitioner has burden to show all available state remedies have been exhausted or that exceptional circumstances exist).

Moreover, the fact that Plaintiff also seeks damages from Defendants will not save his case. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by issuance of a federal writ of habeas corpus. Although Heck involved a criminal conviction, the Supreme Court extended its holding, in Edwards v. Balisok, 520 U.S. 641 (1997), to prison disciplinary decisions which deprive a prisoner of good-time credits. Edwards held that a prisoner's claim for declaratory relief and money damages, based on procedural violations in prison disciplinary proceedings that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983. Id. at 648. A § 1983 claim does not arise until a state or federal court has invalidated the disciplinary result. Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996). In determining the applicability of Heck to §

1983 claims concerning disciplinary hearings, courts should "disregard the form of the relief sought and instead look to the essence of the plaintiff's claims." Id.

To reiterate, Plaintiff's allegations, if proven, would necessarily imply the invalidity of the disciplinary result and as such would affect the term of his sentence. Absent any allegation that Plaintiff has successfully challenged the disciplinary decision through appropriate state or federal procedures, his § 1983 claim is not cognizable. For these reasons, Plaintiff's disciplinary claim should be dismissed without prejudice to refiling at such time as a successful challenge has occurred. Plaintiff should be advised, however, that he cannot bring a federal habeas action challenging his disciplinary conviction until he has exhausted his state remedies, as explained above. Sheldon, 83 F.3d at 234; Armento-Bey v. Harper, 68 F.3d 215, 216 (8th Cir. 1995) (Bowman, J., dissenting).

**B.   No Constitutional Violation**

Plaintiff's claims against Defendants Stevenson and Compton additionally fail because he alleges no constitutional violation against either. Section 1983 relief "is predicated on the denial of a right or interest protected by the Constitution." Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 445 (8th Cir.1995) (quoting Med. Laundry Serv. v. Bd. of Tr. of Univ. of Alabama, 906 F.2d 571, 573 (11th Cir. 1990)) (where there is no constitutional violation, there is no basis for a § 1983 claim). Therefore, the initial challenge in any § 1983 suit is "to isolate the precise constitutional violation" with which the defendant is accused. Rogers v. City of Little Rock, 152 F.3d 790, 796 & 800 (8th Cir. 1998) (quoting Baker v. McCollan, 443 U.S. 137, 140 (1979)).

Plaintiff alleges that he had to write up Defendant Stevenson for failing to assist him in the law library; however, he makes no allegation of prejudice or actual injury as a result

this alleged failure to assist.  "Prison officials may not deny or obstruct an inmate's access to the courts to present a claim."  McMaster v. Pung, 984 F.2d 948, 953 (8th Cir. 1993) (citing Bounds v. Smith, 430 U.S. 817, 821 (1977) and Johnson v. Avery, 393 U.S. 483, 485 (1969)).  However, an inmate has no standing to pursue an access claim unless he can demonstrate that he suffered prejudice or actual injury as a result of the prison officials' conduct.  Lewis v. Casey, 518 U.S. 343, 351-52 (1996); McMaster, 984 F.2d at 953.

With respect to Defendant Compton, Plaintiff alleges that he sent her his grievance appeals but has "not he[a]rd from them" so he can come to court, yet he acknowledges that she has helped him.  A prison grievance procedure is a procedural right only and does not confer any substantive right upon inmates; therefore, it does not give rise to a protected liberty interest under the Constitution.  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (a prison official's failure to process an inmate's grievance in accordance with internal regulations, without more, is not actionable under § 1983) (citing Flick v. Alba, 932 F.2d 728, 729 (8th Cir.1991) (per curiam) (federal prison administrative remedy procedures "do not in and of themselves create a liberty interest in access to that procedure, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance") and Azeez v. DeRoberts, 568 F. Supp. 8 (N.D. Ill. 1982)); see also Moore v. Thurber, 105 F.3d 663 (8th Cir. 1997) (unpub. per curiam) (citing Buckley, 997 F.2d at 494) (concluding that "the district court properly dismissed as frivolous [plaintiff's] claim that his constitutional rights were violated when defendants failed to adhere to its grievance regulations"); Bilal v. Lockhart, 5 F.3d 531 (8th Cir. 1993) (unpub. per curiam) (citing Buckley, 997 F.2d at 494) (defendants' failure to respond to grievances, affidavits and interview requests did not

7

violate any of plaintiff's constitutional rights).[1]  Plaintiff's only complaint with Defendant Compton is that "they" failed to respond to his grievance appeals.  His claim necessarily fails because he has no protected liberty interest in the prison grievance procedure.

Without a constitutional violation, there is no basis to award Plaintiff the relief he seeks.  Williams v. Davis, 200 F.3d 538, 539 (8th Cir. 2000).  Even assuming that each fact alleged by Plaintiff is true, neither alone nor in combination do they amount to a constitutional violation.  Because no constitutional violation occurred under the allegations Plaintiff has presented, his claims against Defendants Stevenson and Compton must be dismissed with prejudice.

### IV. Conclusion

This case should be DISMISSED for FAILURE TO STATE A CLAIM and all pending motions should be DENIED AS MOOT.

Plaintiff's claims against Defendants Gibson, Hobbs and Norris should be DISMISSED WITHOUT PREJUDICE.

Plaintiff's claims against Defendants Stevenson and Compton should be DISMISSED WITH PREJUDICE.

---

[1] The circuit courts of appeal that have confronted the issue stand in agreement that a state-created prison grievance procedure is simply a procedural right that does not confer any substantive right upon an inmate.  In other words, the existence of a prison grievance procedure confers no liberty interest whatsoever on a prisoner.  Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001); Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994) (there is no inherent constitutional right to an effective prison grievance procedure); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988) (there is no legitimate claim of entitlement to a grievance procedure).

The Court should CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), THAT AN IN FORMA PAUPERIS APPEAL from any order adopting this recommendation, and any judgment entered thereunder, WOULD NOT BE TAKEN IN GOOD FAITH.

Pursuant to <u>Armentrout v. Tyra</u>, 175 F.3d 1023 (8th Cir. 1999) (unpub. table op.), an action dismissed without prejudice under <u>Heck</u>, should count as a "STRIKE" pursuant to 28 U.S.C. § 1915(g).[2]

DATED this 27th day of July, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.